IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| THOMAS M. NEWSOME,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | ) | CIVIL ACTION NO. 9:09-2859-DCN-BM<br><br>**REPORT AND RECOMMENDATION** |

The Plaintiff filed the complaint in this action, pro se, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff filed an application for Disability Insurance Benefits (DIB) on January 23, 2006, alleging disability as of January 6, 2005 due to upper respiratory disease, asthma, allergies, depression, anxiety, and sleep apnea. (R.pp. 93, 98, 146, 181, 186). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on November 24, 2008. (R.pp. 32-67). The ALJ thereafter denied Plaintiff's claim in a decision issued March 4, 2009. (R.pp. 8-20). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ



the final decision of the Commissioner. (R.pp. 1-4).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is no substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

**Scope of review**

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v.





Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Discussion**

A review of the record shows that Plaintiff, who was forty-six (46) years old when he alleges his disability began, has a high school education with past relevant work experience as a construction foreman, machine fixer, industrial maintenance worker, and mechanic foreman. (R.pp. 37-38, 59-60, 93, 98, 147-148, 152, 154-161). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[1] of chronic obstructive pulmonary disease/asthma, reactive airways disease, restrictive lung disease, obesity, post traumatic stress disorder, anxiety, depression, and status-post single-level disc fusion, rendering him unable to perform his past relevant work (which required heavy exertion), he nevertheless retained the residual functional capacity (RFC) to perform a restricted range of medium work[2] activity, and was therefore not entitled to DIB. (R.pp. 13-20).

Plaintiff asserts that in reaching this decision, the ALJ erred by improperly evaluating the opinions of Plaintiff's treating physicians (Dr. Carmel Joseph and Dr. David Steiner), by assigning greater weight to the opinions of state agency medical physicians than to Plaintiff's treating

---

[1]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

[2]Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).





physician, and by failing to comply with the requirements of SSR 86-8. In his reply brief, Plaintiff further asserts that the ALJ erred by improperly basing his credibility findings on his observation of Plaintiff's demeanor at the administrative hearing, and by posing an inadequate hypothetical question to the vocational expert. After careful review and consideration of the evidence and arguments presented, the undersigned is constrained to agree with Plaintiff that the ALJ improperly considered the records and opinion of Dr. Joseph in reaching the decision in this case, and that this error requires remand of the case for further proceedings.

Plaintiff's claimed disability arises from a train accident which occurred on January 6, 2005 at the mill plant where Plaintiff worked. On that date, a train derailed in the vicinity of the plant, causing a rupture which spewed chlorine gas over the area. Plaintiff was subsequently admitted to the intensive care unit of the local hospital complaining of respiratory problems, where he was treated with oxygen, Solu-Medrol (a steroid ), and nebulizers. (R.pp. 232-238, 240-242). Plaintiff was released the following day in stable condition, and was thereafter treated for his condition by Dr. Joseph, a pulmonologist. In reaching his decision, the ALJ noted that the opinion of a treating physician is entitle to great weight unless there is persuasive contradictory evidence. The ALJ then reviewed Dr. Joseph's treatment records and findings,[3] found that the overall weight of the evidence supported Dr. Joseph's findings and conclusions, and stated that he had therefore incorporated Dr. Joseph's restrictions consistent with those findings and conclusions into the Plaintiff's residual functional capacity. (R.p. 17).

However, a review of the ALJ's decision reveals that the ALJ only discusses *some*

---

[3]The record indicates Dr. Joseph treated Plaintiff from January 2005 through August 2008.





of Dr. Joseph's medical findings. Among findings not discussed were Plaintiff's abnormal respiratory examinations, that Plaintiff had severe loss of epithelium secondary to chlorine gas exposure with a bronchoscopy showing significant pitting of the epithelium bilaterally consistent with severe damage from chlorine gas exposure, that he had acute inflamation from reactive airway disease, reactive airways dysfunction syndrome (RADS), moderate obstructive ventilatory defect, and a crowded oropharynx with prolonged expiratory phase. Other findings not discussed were a significant decrease in Plaintiff's FVC[4] by over twenty percent, that Plaintiff was on an extensive regime of medications for his condition, and that Plaintiff would never recover normal lung function. See generally, (R.pp. 215-217, 250, 269-270, 331-333, 595, 648-649). Significantly, Dr. Joseph also opined that Plaintiff met the requirements of Listing 3.03 of the Listings of Impairments.[5] (R.p. 332). However, even though a claimant who meets the requirements of Listing 3.03 is presumptively disabled; see 20 C.F.R. pt. 404, Subpt. P, App. 1 §3.03; and despite Dr. Joseph opining that Plaintiff's condition met the requirements of this Listing, the ALJ fails to discuss Dr. Joseph's diagnosis even while according Dr. Joseph's medical opinion "great weight" in support of his finding that Plaintiff is *not* disabled. This omission requires remand. Cf. Cotter v. Harris, 642 F.2d 700 (3rd Cir. 1981) [listing cases remanded because of ALJ's failure to provide explanation or reason for rejecting or not addressing relevant probative evidence].

---

[4]Forced Vital Capacity. The volume of gas exhaled from the completely inflated lungs during a maximal expiratory effort. See *Taber's Cyclopedic Medical Dictionary* (21st ed. 2009).

[5]In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medial signs, symptoms, or laboratory test results." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). A claimant is presumed to be disabled if their impairment meets the criteria of an impairment set forth in the Listings. See 20 C.F.R. §§ 416.925, 416.926 (2003).





In arguing against and opposing Plaintiff's claim for relief, the Defendant sets forth significant arguments for why Plaintiff's impairments did not meet or equal a Listing. Defendant further argues that the ALJ was justified in not accepting Dr. Joseph's opinion because it was "internally inconsistent", was not supported by other medical findings, and was even inconsistent with Dr. Joseph's own treatment notes. See generally, Defendant's Brief, pp. 23-27. However, as interesting as these arguments are, that is not what the ALJ did in this case. To the contrary, the ALJ concluded that Dr. Joseph's opinion was correct and "entitled to great weight . . . .", stating that the overall weight of the evidence *supported* Dr. Joseph's findings and conclusions. However, if the ALJ is going to accept Dr. Joseph's opinion and even give it "great weight", then he needs to explain why Dr. Joseph's finding that Plaintiff meets the requirements of Listing 3.03 does not render Plaintiff disabled. Alternatively, if the ALJ is not going to accept this opinion, he needs to explain why. The ALJ did neither. See Morales v. Apfel, 225 F.3d 310, 317-318 (3d Cir. 2000) [ALJ must explicitly weigh the evidence and explain his rejection of the medical opinion of a treating physician]; Bailey v. Barnhart, No. 01-3474, 2002 WL 1401225 at **4 (7th Cir. July 26, 2002) [case remanded where ALJ did not adequately explain her rationale for discounting the recommendations of one of plaintiff's treating physicians]; see also Algonquin Gas Transmission Co. v. FERC, 948 F.2d 1305, 1316 (D.C.Cir. 1991) (citing Motor Vehicles Mfrs. Ass'n v. State Farm Mut.Auto Ins. Co., 463 U.S. 29, 50 (1983) ["courts may not accept appellate counsel's post hoc rationalizations for agency action."]). The ALJ's failure to discuss this relevant evidence and either accept this treating physician's opinion or alternatively explain why it was being rejected constitutes reversible error and requires remand.

With respect to the remainder of Plaintiff's complaints concerning the decision, on





remand the ALJ will be able to reconsider and reevaluate Plaintiff's credibility and the medical record as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [On remand, the ALJ's prior decision has no preclusive effect, as the new hearing is conducted *de novo*].

**Conclusion**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of theCommissioner be **reversed**, and that this case be **remanded** to the Commissioner for a proper evaluation and consideration of the opinion of Dr. Carmel Joseph, and for such further administrative action as is deemed necessary and appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993); Butts v. Barnhart, 388 F.3d 377 (2d Cir. 2004).

The parties are referred to the notice page attached hereto.

Bristow Marchant
United States Magistrate Judge

January 6, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



