**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Thomas M. Newsome, ) | C/A No. 9:09-2859-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on United States Magistrate Judge Bristow Marchant's report and recommendation ("R&R") that this court reverse and remand the decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB"). Defendant filed objections to the R&R. For the reasons set forth below, the court adopts the magistrate judge's recommendation and reverses and remands the case for further consideration by the Commissioner.

## I.  BACKGROUND

      Plaintiff filed an application for DIB on January 23, 2006, alleging disability as of January 6, 2005, due to upper respiratory disease, asthma, allergies, depression, anxiety, and sleep apnea. Tr. 93, 98, 146, 181, 186.[1] Plaintiff's claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 24, 2008. Tr. 32-67. On March 4, 2009, the ALJ

---

[1] This court accepts the magistrate judge's findings of fact to the extent that defendant did not object to them. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

1

denied Plaintiff's claim. Tr. 8-20.  The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner.

Plaintiff filed the present action with the United States District Court, alleging that the ALJ:  (1) failed to assign "great weight" to the opinions of Mr. Newsome's treating physicians, (2) assigned greater weight to the opinions of state agency medical physicians than to plaintiff's treating physicians, (3) failed to comply with the requirements of SSR 86-8, (4) improperly evaluated plaintiff's behavior at the hearing, and (5) failed to ask an adequate hypothetical question to the vocational expert.  Pl.'s Br. 1; Pl.'s Reply Br. 1-4.  The magistrate judge found that the ALJ either failed to give the opinion of the treating physician, Dr. Carmel Joseph, great weight, or, in the alternative, failed to explain his rationale for withholding greater consideration.  R&R 4.  Defendant objects to the R&R, arguing that the ALJ gave proper weight to Dr. Joseph's opinion. Def.'s Obj. 2-3.

When Plaintiff was forty-six years old, he was injured in a train accident which spewed chlorine gas.  Pl.'s Br. 2.  Plaintiff was subsequently admitted to the intensive care unit of the local hospital complaining of respiratory problems, where he was treated with oxygen, Solu-Medrol, and nebulizers.  Tr. 232-38, 240-42.  Plaintiff was released in stable condition the following day and was thereafter treated by Dr. Joseph, a pulmonologist.

The ALJ determined that plaintiff suffers from the severe impairments of chronic obstructive pulmonary disease/asthma, reactive airway disease syndrome ("RADS"),

restrictive lung disease, obesity, post-traumatic stress disorder, anxiety, depression, and status-post single-level disc fusion, rendering him unable to perform his past relevant work (which required heavy exertion). Tr. 13-20. Nevertheless, the ALJ determined that plaintiff had the residual functioning capacity ("RFC") to perform a restricted range of medium work activity and was therefore not entitled to DIB. Tr. 13-20.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50. A party's general objections are not sufficient to challenge a magistrate judge's findings. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

Although this court may review the magistrate judge's recommendation de novo, judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by

substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" has been defined as,

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Instead, when substantial evidence supports the Commissioner's decision, this court must affirm that decision even if it disagrees with the Commissioner. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456.

### III.  DISCUSSION

Defendant objected to the magistrate judge's conclusion that the ALJ either failed to give the proper weight to the treating physician's opinion or failed to explain the reasons the opinion was not entitled to the standard weight given to treating physicians. Def.'s Obj. 1. The magistrate judge found that the ALJ's consideration of the treating physician's opinion was insufficient because it did not discuss Dr. Joseph's findings concerning "plaintiff's abnormal respiratory examinations, . . . severe loss of epithelium secondary to chlorine gas exposure with bronchoscopy showing significant pitting of the

epithelium bilaterally consistent with severe damage from chlorine gas exposure, . . . acute inflamation from reactive airway disease, RADS, moderate obstructive ventilatory defect, and a crowded oropharynx with prolonged expiratory phase," or conclusion that plaintiff met the requirements of Listing 3.03.  R&R 5.  Plaintiff and the magistrate judge observed that the ALJ indicated he would give Dr. Joseph's opinion great weight but failed to actually do so.  Pl.'s Resp. Def.'s Obj. 2; R&R 5.

Dr. Joseph concluded that plaintiff would have lifelong inhalation burns to his airways from chlorine, RADS second degree chlorine, asthma, and would need to remain on chronic asthma medications.  Tr. 331.  In Dr. Joseph's opinion, plaintiff would need x-rays, PFTs, visits to a pulmonologist and bronchscopies three to four times a year for the rest of his life.  Tr. 331-32.  He also concluded that plaintiff needed psychiatric treatment.  Tr. 332.  Dr. Joseph found that plaintiff met the Listing 3.00 qualifications for chlorine exposure, indicating that in order to keep plaintiff out of the hospital, he has "to keep him on all the strongest medications for asthma treatment."  Tr. 332.

A review of the ALJ's decision shows that the ALJ noted, but did not analyze, claimant's forced volume vital capacity of 4.04, mild restrictive ventilatory defect, mild decreased lung volumes, moderate obstructive ventilatory defect, severe loss of epithelium secondary to chlorine gas exposure, significant pitting of the epithelium noted bilaterally consistent with severe damage from chlorine gas exposure, and hyperemia consistent with acute inflammation from RADs, and acute inflamation from RAD.  Tr. 15.  He did not indicate that these opinions came from Dr. Joseph, specifically, nor did he discuss the weight he gave to them.

Defendant argues that: (1) Dr. Joseph's opinion that plaintiff's condition met the Listing 3.03 requirement is not entitled to greater weight because it concerns the ultimate question of disability, which is reserved to the Commissioner, and (2) that the ALJ's conclusion that "the overall weight of evidence supports Dr. Joseph's findings and conclusions" was limited to Dr. Joseph's findings regarding plaintiff's environmental restrictions. Def.'s Obj. 2-3.

Dr. Joseph's conclusion that plaintiff has an impairment that "meets or is equivalent in severity to the requirements of a listing...is an opinion on an issue reserved to the Commissioner." SSR 96-8p, 1996 WL 374184, at *7 n. 8. The ALJ, however, should "consider opinions from medical sources on issues such as whether . . . impairment(s) meets or equals the requirement of any impairment(s) in the Listing of Impairments." 20 C.F.R. § 404.1527(e)(2). "The Commissioner need not give any special significance to the source of an opinion on issues reserved to the Commissioner . . . ." Id. § 404.1527(e)(3). While the ALJ did not need to give special significance to Dr. Joseph's conclusion that plaintiff's disability met Listing 3.03, he should have considered it.

Defendant states that the ALJ's decision to give Dr. Joseph's opinion great weight was limited Dr. Joseph's conclusions regarding environmental exposure. Def.'s Obj. 2. If the ALJ determined that Dr. Joseph's other findings were not entitled to great weight, he is required to explain his rationale for that conclusion, Morales v. Apfel, 225 F.3d 310, 317-18 (3d Cir. 2000), and provide "persuasive contradictory evidence." Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983); Hunter v. Sullivan, 993 F.2d 31, 35 (4th

Cir. 1992) (per curiam).  It is unclear from the record the extent of the weight the ALJ gave to Dr. Joseph's findings and conclusions beyond concerns regarding environmental exposure and if he chose to discredit them, he failed to explain his rationale.  For this reason, the court adopts the recommendation of the magistrate judge and remands this case for further consideration by the Commissioner.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Commissioner's decision to deny plaintiff DIB is **REVERSED,** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this order and opinion.[2]

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**March 15, 2011
Charleston, South Carolina**

---

[2] Because the court remands the finding of no disability based on plaintiff's first objection, the court does not address plaintiff's other objections.

7